## ALFRED HOFMANN, Inc., v. KNITTING MACHINES CORPORATION et al.

### No. 185.

District Court, D. Delaware.
March 12, 1941.

Samuel E. Darby, Jr., and Louis D. Fletcher (of Darby & Darby), both of New York City, and E. Ennalls Berl (of Southerland, Berl, Potter & Leahy), of Wilmington, Del., for plaintiff.

Hugh M. Morris and Alexander L. Nichols, both of Wilmington, Del., for Knitting Machines Corporation.

NIELDS, District Judge.

Motion to dismiss.

This is a declaratory judgment suit brought by Alfred Hofmann, Inc., against Knitting Machines Corporation, Kalio, Inc., and Max C. Miller.

Knitting Machines Corporation is a corporation of Delaware. Kalio, Inc., is a corporation of New York. Max C. Miller is a citizen and resident of Rhode Island. Service was made upon Knitting Machines Corporation. No service was made upon the other defendants and they have not voluntarily appeared.

The complaint alleges that plaintiff "is engaged in the distribution and sale of Schubert and Salzer full fashioned knitting machines and parts thereof imported from Germany and sold, inter alia, to

manufacturers in the United States of knitted full fashioned hosiery.

The complaint also alleges that Knitting Machines Corporation is the owner of Miller U. S. Letters Patent No. 2,217,520 and No. 2,217,521; that Kalio, Inc., is the owner of Lieberknecht Letters Patent No. 2,140,366; and that Max C. Miller is the owner of Miller Letters Patent No. 1,995,-643 and No. 1,995,644. The complaint also alleges that Knitting Machines Corporation has represented to plaintiff that it controls all of said patents and is possessed of the right to sue for alleged infringement thereof. The complaint further alleges that an actual controversy exists between plaintiff and defendants, in that, Knitting Machines Corporation and Miller have charged that the Schubert and Salzer machines and parts thereof distributed and sold by plaintiff infringed each of said letters patent and have threatened to sue customers of plaintiff "for alleged infringement of each of said letters patent by reason of their acquisition from plaintiff and use of plaintiff's Schubert and Salzer machines and relevant parts thereof".

The prayers of the bill seek to enjoin Knitting Machines Corporation and Miller from stating in the public press that the machines and parts distributed and sold by plaintiff infringed said patents or any of them or that the patents cover the machines and parts, and from suing or threatening to sue any customer or prospective customer of plaintiff, and for a declaratory decree adjudging each of said patents invalid and not infringed by the knitting machines and relevant parts thereof distributed and sold by plaintiff.

Defendant Knitting Machines Corporation moves that the complaint be dismissed (1) as to the Lieberknecht patent because Kalio, Inc., the owner thereof, is a nonresident, has not been served with process or voluntarily appeared and is an indispensable party; (2) that the complaint be dismissed as to Miller patents No. 2,217,520 and No. 2,217,521 because there is no actual controversy between the parties concerning said patents because plaintiff has committed no act of infringement after the issuance of said patents on October 8, 1940, and there is no threat of infringement thereof in the future by the plaintiff; (3) that the complaint be dismissed in its entirety or in the alternative that all proceedings herein be stayed pending final decision of an action brought in the District Court of the United States for the District of Massachusetts by Knitting Machines Corporation and Kalio, Inc., against Propper-McCallum Hosiery Co., Inc., charging infringement by defendants of all five of the patents here in suit.

The above motion of Knitting Machines Corporation also included a motion that the action be dismissed as to Max C. Miller. This was consented to by plaintiff at the argument because the two Miller patents which plaintiff alleged were owned by Miller were in fact owned by Knitting Machines Corporation.

■ In a suit for declaratory judgment the owner of a patent is an indispensable party. Duro Test Corporation v. Welsbach Street Lighting Co., D.C., 21 F.Supp. 260. Bakelite Corporation v. Lubri-Zol Development Corp., D.C., 34 F.Supp. 142.

■■ Kalio, Inc., is the owner of the Lieberknecht patent. This suit seeks to have that patent declared invalid. Kalio, Inc., has not been served with process nor appeared. Consequently jurisdiction with respect to this patent is wanting and action as to it may not be proceeded with unless Kalio, Inc., voluntarily appears. Realizing this, plaintiff suggests an amendment to its complaint joining without its consent Kalio, Inc., as a party plaintiff. As authority for such joinder plaintiff relies upon Independent Wireless Tel. Co. v. Radio Corp., 269 U.S. 459, 46 S.Ct. 166, 70 L.Ed. 357. The rule laid down in that case is for the protection of the rights of an exclusive licensee. It recognizes no like right in any other person. It is manifest that the complaint must be dismissed as to Kalio, Inc.

■ The complaint also seeks to invalidate the four Miller patents. The two later patents were issued October 8, 1940, thirteen days before this complaint was filed. The complaint does not allege importation or sale of any machine or part thereof after the issuance of these patents. It does not allege that Knitting Machines Corporation represented that plaintiff had ever infringed any of the claims of either of these two Miller patents. How could there have been an actual controversy between plaintiff and Knitting Machines Corporation respecting those patents. Defendant's letter of October 11, 1940, to plaintiff did not charge that plaintiff was infringing these patents but that users of machines previously sold were guilty of infringement. Plaintiff's reply dated Oc-

tober 15, 1940, did not say that any machines had been sold after October 8. The last affidavit filed by defendant says: "To the best of my knowledge, information and belief, no actual infringement has ever been committed by the plaintiff since the issuance of these two patents on October 8, 1940". It is apparent there is no justiciable controversy respecting these two Miller patents.

The two earlier Miller patents remain to be considered. In the complaint it is alleged that they were the property of Max C. Miller. In fact they were assigned to Knitting Machines Corporation September 30, 1935, as appears from the record. These two patents are properly before the court for determination of the controversy created by Knitting Machines Corporation threatening suit thereon.

■ December 2, 1940, there was filed in the District Court of the United States for the District of Massachusetts a suit by Knitting Machines Corporation and Kalio, Inc., against Propper-McCallum Hosiery Co., Inc., upon all five of the patents herein referred to. That suit is now pending. In that suit the Massachusetts court has jurisdiction of the subject matter under the patent laws and all necessary parties are before it. The issues of validity and infringement of all the patents will be determined in that suit and by a single decree.

■ This court is without jurisdiction over the Lieberknecht and the two later Miller patents. Accordingly the issues of validity and infringement of those three patents can not be determined in this suit. Under these circumstances should this court retain jurisdiction over the two earlier Miller patents and dismiss as to the other three patents, or shall the court dismiss this action as to all patents.

"Where more effective relief may be obtained by other proceedings, and consequently a declaratory judgment would not serve a useful purpose, the courts are justified in refusing a declaration. Borchard on Declaratory Judgments, pp. 109, 110. There is undoubtedly a discretion in the courts in reference to entertaining suit for declaratory judgment. The statute does not command action in all cases; it provides that the courts 'shall have power' to declare rights and relations." Zenie Bros. v. Miskend, D.C., 10 F.Supp. 779, 782.

Motion to dismiss must be granted.