**ALFRED HOFMANN, Inc., v. KNITTING MACHINES CORPORATION et al.**

**No. 7695.**

Circuit Court of Appeals, Third Circuit.

Decided Nov. 4, 1941.

Samuel E. Darby, Jr., of New York City (E. Ennalls Berl, of Wilmington, Del., and Louis D. Fletcher, of New York City, on the brief), for plaintiff-appellant.

Hugh M. Morris, of Wilmington, Del., (Alexander L. Nichols, of Wilmington, Del., and Alfred H. Hildreth, Maxwell Fish, and Fish, Hildreth, Cary & Jenney, all of Boston, Mass., on the brief), for defendant-appellee.

Before BIGGS, MARIS, and CLARK, Circuit Judges.

BIGGS, Circuit Judge.

The plaintiff Alfred Hofmann, Inc., brought a suit for a declaratory judgment pursuant to the provisions of Section 274d of the Judicial Code, 28 U.S.C.A. § 400, in the court below predicating jurisdiction upon the patent statutes of the United States. The complaint alleges that the plaintiff is engaged in the distribution and sale in the United States of Schubert and Salzer knitting machines and their parts; that the defendant Max C. Miller is the owner of Patent No. 1,995,643 for a welt-turning mechanism for knitting machines and of Patent No. 1,995,644 for a knitting machine; that the defendant Kalio, Inc., is the owner of Patent No. 2,140,366, issued on the application of Karl Richard Lieberknecht for a knitting machine; that the defendant, Knitting Machines Corporation, is the owner of Patents No. 2,217,520 and 2,217,521 for knitting machines issued on October 8, 1940, on applications filed by the defendant Miller.

The complaint states that the defendant, Knitting Machines Corporation, has represented to the plaintiff that it "controls" the five patents and has the right to sue for their infringement.

Paragraph 9 of the complaint is as follows: "That an actual controversy exists between plaintiff and defendants, in that defendants, Knitting Machines Corporation and Max C. Miller, have charged that the Schubert and Salzer machines and relevant parts thereof distributed and sold by plaintiff infringe each of said Letters Patent and have threatened to sue customers of plaintiff for alleged infringement of each of said Letters Patent by reason of their acquisition from plaintiff and use of

plaintiffs Schubert and Salzer machines and relevant parts thereof."

The complaint goes on to allege that both Miller and Knitting Machines Corporation had been advised by the plaintiff that it believes that the patents are invalid and are not infringed by the Schubert and Salzer machines sold by the plaintiff and that the plaintiff has urged the defendants to bring an infringement suit against it to settle the controversy; that no suit has been instituted though the defendants continue to threaten to sue the plaintiff's customers. The plaintiff then states six grounds why the patents should be adjudged invalid, and alleges that the Schubert and Salzer machines and their parts sold by it do not infringe any of the patents.

The complaint prays for a declaratory judgment adjudging the patents invalid and not infringed by the machines and parts sold by the plaintiff, and for an injunction to restrain Knitting Machines Corporation and Miller from stating or writing in the press, trade journals or elsewhere that the Schubert and Salzer machines and parts sold by the plaintiff infringe the patents or that these patents or any of them cover the Schubert and Salzer machines or parts, and from suing or threatening to sue plaintiff's customers.

Alfred Hofmann, Inc., is a Delaware corporation. Knitting Machines Corporation is also a Delaware corporation. Kalio, Inc., is a New York corporation. Miller is a resident of Rhode Island. Service was made upon Knitting Machines Corporation, but no service has been made upon Kalio, Inc., or Miller and neither of them has appeared voluntarily.

Knitting Machines Corporation moved to dismiss the action as to Kalio, Inc., on the grounds that that defendant is a corporation of New York and was not served with process; to dismiss as to Miller because he is a resident of Rhode Island and was not served and because Miller is not the owner of Patents No. 1,995,643 and No. 1,995,644, his rights having been assigned to Knitting Machines Corporation; to dismiss as to Lieberknecht Patent No. 2,140,366 because the defendant, Kalio, Inc., is the owner of that patent and is therefore an indispensable party to the suit; and to dismiss as to Miller Patents No. 2,217,520 and No. 2,217,521 because there is no "actual controversy" between the parties within the meaning of Section 274d of the Judicial Code, the plaintiff having committed no act of infringement since the issuance of the Miller patents on October 8, 1940, and there being no threat of future infringement since the plaintiff cannot import machines or parts of machines to sell in the United States because of the war. Finally, Knitting Machines Corporation moved to dismiss the action in its entirety, or (in the alternative) moved that the proceedings be stayed pending the final decision in a suit brought by Knitting Machines Corporation and Kalio, Inc., in the District of Massachusetts against Propper-McCallum Hosiery Co., Inc., a customer of the plaintiff, charging infringement of the five patents here in suit by the use both prior and subsequent to October 8, 1940 (the date of issuance of the two later Miller Patents No. 2,217,520 and No. 2,-217,521), of machines embodying the inventions claimed in all five patents. The motion ends with the statement that in the infringement suit in the District of Massachusetts full and complete determination may be had of all questions and issues with respect to all the patents, a result alleged to be impossible in the declaratory judgment suit at bar.

The complaint filed in the District Court of the United States for the District of Massachusetts is part of the record before us, as are certain affidavits and correspondence between the plaintiff and the defendants in the suit at bar.

The court below granted the motion to dismiss as to the Lieberknecht Patent No. 2,140,366 on the ground that since the suit seeks to have that patent declared invalid, and Kalio, Inc., the record owner has not been served with process or appeared, the court has no jurisdiction to adjudicate rights in the patent. It granted the motion to dismiss as to the two last issued Miller patents (October 8, 1940) because the complaint does not allege importation or sale of any machines or parts after the issuance of these patents and does not allege "...that Knitting Machines Corporation represented that plaintiff had ever infringed any of the claims of either of these two Miller patents." The learned District Judge then states, "How could there have been an actual controversy between plaintiff and Knitting Machines Corporation respecting those patents. Defendant's letter of October 11, 1940, to plaintiff does not charge that plaintiff was infringing these patents but that users of ma-

chines previously sold were guilty of infringement. Plaintiff's reply dated October 15, 1940, did not say that any machines had been sold after October 8. The last affidavit filed by defendant says: 'To the best of my knowledge, information and belief, no actual infringement has ever been committed by the plaintiff since the issuance of these two patents on October 8, 1940'. It is apparent there is no justiciable controversy respecting these two Miller patents." [37 F.Supp. 578, 579.]

As to the two earlier Miller patents, Nos. 1,995,643 and 1,995,644, the court finds that they were assigned to Knitting Machines Corporation on September 30, 1935, and are therefore properly before the court for determination of the controversy created because Knitting Machines Corporation threatened suit for their alleged infringement. The court points out that the motion of Knitting Machines Corporation to dismiss as to Miller should be granted and that this was consented to by the plaintiff at the time of the argument since Miller had assigned his rights to Knitting Machines Corporation.

The court then referring to the pending Massachusetts suit and, finding itself to be without jurisdiction over the Lieberknecht and the two later Miller patents, held that jurisdiction should not be retained to adjudicate the two earlier Miller patents, citing Zenie Bros. v. Miskend, D.C., 10 F. Supp. 779, 782, and dismissed the complaint. The appeal at bar is from the order of dismissal.

■ We disagree with the conclusion expressed by the court below as to the existence of a controversy between Alfred Hofmann, Inc., and Knitting Machines Corporation in regard to the two Miller patents granted October 8, 1940. Subsection (1) of Section 274d provides that in cases "of actual controversy" the courts of the United States have power to declare the rights and legal relations of the party petitioning for the declaration. The Supreme Court, in Ætna Life Insurance Company v. Haworth, 300 U.S. 227, 240, 241, 57 S.Ct. 461, 464, 81 L.Ed. 617, 108 A.L.R. 1000, held that an actual controversy is a justiciable controversy: viz., "one that is appropriate for judicial determination." While it is true that Knitting Machines Corporation cannot maintain a suit for infringement of the last two Miller patents against Alfred Hofmann, Inc., because the plaintiff had not sold a Schubert

and Salzer knitting machine after the issuance of the patents, none the less, Knitting Machines Corporation can maintain a suit for infringement of these patents against any purchaser of Schubert and Salzer machines (such as Propper-McCallum Hosiery Company) who uses the machines after the issuance of the patents. To say that there is no justiciable controversy between the manufacturer and the patentee who sues the customer of the manufacturer is to put too narrow an interpretation upon the Declaratory Judgment Act. The definition of justiciable controversy supplied by the Supreme Court in the Ætna case was broad, not narrow. The controversy at bar is real and substantial and admits " * * * of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."

The circumstances in the case of Leach v. Ross Heater & Manufacturing Company, 2 Cir., 104 F.2d 88, 91, present an analogy to those in the case at bar. In the cited case the defendant's predecessor manufactured and sold apparatus which allegedly infringed the plaintiff's patents. The plaintiff notified the trade of this alleged infringement, though the defendant itself had not sold any of the infringing apparatus. The defendant counterclaimed seeking a declaratory judgment holding the patents invalid. The plaintiff attempted to withdraw his suit and to dismiss the counterclaim. The court in sustaining the counterclaim said: "In the present case, while the recital of facts concerning a controversy between the patentee and a predecessor of the pleader, without adequate showing that the pleader is in some way responsible for the conduct of the predecessor, does not make out an actual controversy between the parties and so does not state a case for declaratory judgment, the pleader also avers that the patentee is threatening prospective customers generally with liability for infringement in case they purchase the pleader's products. This suffices to show an actual controversy between the parties and a need for present relief." See also Caterpillar Tractor Co. v. International Harvester Co., 9 Cir., 106 F.2d 769, 772, 773; and E. W. Bliss Co. v. Cold Metal Process Co., 6 Cir., 102 F.2d 105, 108.

Can it be doubted that if Knitting Machines Corporation is able to secure a

judgment of infringement against Propper-McCallum Hosiery Co., Inc., in the Massachusetts suit that the legal rights of Alfred Hofmann, Inc., will be affected thereby? The bill of complaint specifically alleges that Knitting Machines Corporation has charged that the Schubert and Salzer machines and relevant parts distributed and sold by the plaintiff infringe the five patents. This allegation is supported by the correspondence accompanying the Miller affidavits. The question of the sufficiency of this allegation of the complaint arises upon motion to dismiss and we cannot say as a matter of law that the allegation is insufficient.

It must also be borne in mind that Alfred Hofmann, Inc., alleges that it is engaged in the distribution and sale of Schubert and Salzer machines and parts. Well grounded apprehension of the future infringement of a patent engendered in the mind of the patentee by the past conduct of the infringer in regard to the patent constitutes the ordinary basis of a patent infringement suit. We are of the opinion that the allegation and proof by a vendor that it is engaged in a course of conduct, the sale of machinery, which has brought and must bring purchasers from it into conflict with the owner of the patent, is sufficient to support a suit for a declaratory judgment by the vendor. In making this statement we are aware of the fact that in the case at bar the vendor's supply of the infringing machines may be curtailed by circumstances beyond the control of the parties. The extent of the curtailment, however, is one which cannot be determined upon a motion to dismiss.

For the reasons given we conclude that the court below erred in holding that Miller Patents Nos. 2,217,520 and 2,217,521 cannot be the subjects of declaratory judgments in the instant suit.

We encounter difficulty in disposing of the issue presented in respect to the Lieberknecht patent upon the record before us. As we have already stated, the complaint alleges that Kalio, Inc., is the owner of this patent. But the complaint also states that Knitting Machines Corporation has represented that it controls all of the patents in issue and is possessed of the right to sue for alleged infringement of them. In his letter of May 9, 1939, Miller does specifically state that Knitting Machines Corporation controls the Lieberknecht patent and plainly represents that

Knitting Machines Corporation is entitled to sue for its infringement. It should be noted also that in the complaint in the Massachusetts suit, Kalio, Inc., is stated to be the owner of the Lieberknecht patent and Knitting Machines Corporation is alleged to be a licensee of Kalio, Inc. The status of the Lieberknecht patent in the light of these allegations is not clear to us.

The defendant contends that if the rights given by Kalio, Inc., to Knitting Machines Corporation amount to nothing more than a mere license, Knitting Machines Corporation would have no right to sue Alfred Hofmann, Inc., for patent infringement without joining Kalio, Inc., as a party plaintiff and, conversely, Alfred Hofmann, Inc., would have no right to maintain an action for a declaratory judgment against Knitting Machines Corporation without the joinder of Kalio, Inc., to declare the patent invalid. See Waterman v. Mackenzie, 138 U.S. 252, 255, 256, 11 S.Ct. 334, 34 L.Ed. 923, and Contracting Division, A. C. Horn Corporation v. New York Life Ins. Co., 2 Cir., 113 F.2d 864.

The plaintiff takes the position that the justiciable act in the case at bar is the threat by Knitting Machines Corporation of suit for infringement against Alfred Hofmann, Inc., and its customers, and that a declaratory judgment action may and must be maintained against the one who commits such an act. The plaintiff contends that even if this be not so, Rule 13(a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, compels Knitting Machines Corporation to raise the issue of the validity of the patents by way of counterclaim and to join Kalio, Inc., as a party plaintiff if Kalio, Inc., is the owner of the Lieberknecht patent. The issue of the compulsory counterclaim likewise turns upon the ownership status of the Lieberknecht patent.

Neither this court nor the court below can determine the precise status of the Lieberknecht patent upon the present record. It may be unnecessary to decide the issues to which we have just referred and a decision under such circumstances might be purely advisory.

We have carefully considered the other contentions of the plaintiff and deem them to be without merit.

The decree of the court below is reversed and the cause is remanded with directions to reinstate the bill of complaint, to take such testimony as may be necessary

462

to determine the ownership status of the Lieberknecht patent, and to decide the motion to dismiss in the light of such record.