## LOUGHMAN v. KESSELMAN.
### Civil Action No. 1484.

District Court, E. D. New York.
May 20, 1942.

C. O. Donahue, of New York City (Joseph G. Kelly, of New York City, of counsel), for plaintiff.

Moe Levy, of Brooklyn, N. Y. (Hunter L. Delatour, of Brooklyn, N. Y., of counsel), for defendant.

BYERS, District Judge.

This action was instituted (complaint filed September 6, 1940) by the plaintiff,

as Receiver, to recover an assessment of $500.00 on five shares of the capital stock of the National Bank of Ridgewood, pursuant to an assessment levied by the Comptroller of the Currency on July 29, 1937, against the stockholders of that Bank.

The evidence consists in the testimony as submitted on behalf of the plaintiff, which was not contradicted and may be briefly summarized thus:

Abraham H. Kesselman, the defendant named in the complaint, owned five shares of said stock and, as alleged in the complaint, "did, on or about the said 30th day of January, 1933, sell and cause to be transferred on the books of the said Bank" to one Beatrice Gottlieb the said five shares of stock.

A verified answer was filed on September 27, 1940, in which it was denied that the said transfer was colorable and not made in good faith, and in which it was averred, as a first defense, that when the National Bank of Ridgewood went out of existence (i.e. was merged into the Richmond National Bank) it was solvent and its stockholders were not liable for any of the liabilities of the said Bank; as a second defense, that the plaintiff's cause of action, if any, arose on September 7, 1937, the due date of the assessment, and was barred by the 3-year Statute of Limitations and, as a third defense, that, if the transfer of January 30, 1933, be deemed fraudulent, it was barred by the 6-year Statute.

It appears that by order of February 9, 1942, Louis Kesselman, as Executor of Abraham Kesselman, was substituted as party defendant pursuant to affidavit reciting that after the case had been placed on the calendar of this Court (notice of trial was filed on December 5, 1941) the said Abraham Kesselman died, although the date of death is not stated, nor was it disclosed in the evidence.

The complaint alleges that on the 30th of January, 1933, and for some time prior thereto, the Bank was in a failing condition and was, in fact, insolvent, to the knowledge of the said Abraham H. Kesselman. That was specifically denied in the answer.

The plaintiff's proof consisted in presenting the declaration of insolvency dated July 12, 1937; the proof of the appointment of the plaintiff; the formal levy of the assessment, and the proof of the transfer of the stock which, according to the certificate, was made on January 26, 1933, and was entered in the stock ledger on January 30, 1933; a report of examination by the National Banking Department under date of June 24, 1931, which was furnished to the Bank; the liquidation agreement between the Ridgewood and the Richmond Banks; proof of the holding of a stockholders' meeting of the Ridgewood Bank on October 13, 1931, and the approval of the said liquidation agreement at that meeting.

The defendant executor was called and testified that he does not know Beatrice Gottlieb, and cannot say if she was an employee of his deceased brother.

The question for decision is, whether the statutory liability has been demonstrated in view of the proof, which sufficiently establishes knowledge in October, 1931, on the part of the original defendant and stockholder, that the liquidation agreement between the two Banks had been concluded.

The case of Abel v. Loughman, D.C., 1 F.R.D. 734, contains a finding that on August 29, 1931, the condition of the Ridgewood Bank was one of bare solvency, and no appeal was taken from that decision.

There was a showing, by Exhibit 12 in this cause, of serious impairment of capital on the part of the Ridgewood Bank at that time, and it becomes necessary to determine whether within the statute (12 U.S.C.A. § 64) Abraham Kesselman transferred these five shares "with knowledge of such impending failure", for if that has been shown he (and consequently his executor) "shall be liable to the same extent as if they (he) had made no such transfer, to the extent that the subsequent transferee fails to meet such liability".

The plaintiff has sought no recovery against Beatrice Gottlieb, the transferee, and it must be assumed for the purpose of this decision, that she cannot be found, and that, if an action were instituted against her, the judgment would be uncollectible.

Thus the decision must turn upon whether knowledge of the serious impairment of the Bank's capital, by Abraham Kesselman in October of 1931, constitutes sufficient proof to sustain the plaintiff's cause.

No case which has been cited by him has gone so far as to hold mere knowledge of a liquidation agreement on the part of the stockholder is potent to meet the statutory

requirement, and perhaps that fact, standing by itself, would not be legally sufficient; but the Court cannot close its eyes to what everybody knew during the years 1931 to 1933, in seeking to conclude what must have been present in the mind of this decedent. He was a lawyer in active practise, who must be deemed to have been aware of what was going on in the financial and business community.

Other bank failures and runs were carried in the news of the day, and the transfer of these five shares in the month of January, 1933, cannot be considered as a thing apart and uninfluenced by the general aspect of affairs in this community.

If Abraham Kesselman had been alive just prior to the trial, he could have been examined by the plaintiff, and a more precise estimate could have been formed of his understanding of all relevant circumstances, than is now possible.

The handicap of his death is mutual to the parties, but it is thought that no injustice would result if the Court were to indulge in the inference that he knew in January of 1933 that, if he continued as a stockholder in the Ridgewood Bank, in all human probability he would have to meet an assessment on his stock. A further inference, based on the first one, that the transfer was colorable, is not permitted, under familiar rules, and consequently there is an absence of evidentiary data to support a decision of that question.

The conclusion is that the transfer was made with knowledge of the insolvency in January of 1933 of the Ridgewood Bank and, although the assessment was not levied until the 29th day of July, 1937, it has been heretofore and in other litigation sufficiently determined that a condition of insolvency actually existed during the month of the transfer. That assessment was payable on or before September 7, 1937, and this action was brought on September 6, 1940, within the 3-year period. See Haight, as Receiver of Salt Springs National Bank of Syracuse, v. Franklin, 2 Cir., 125 F.2d 461; and Brayton v. Dager, 249 App.Div. 94, 291 N.Y.S. 67.

The cases of Hodges, as Receiver, v. Meriwether, 8 Cir., 55 F.2d 29, 86 A.L.R. 52; Vandagrift v. Rich Hill Bank, 8 Cir., 163 F. 823, and Earle v. Carson, 188 U.S. 42, 23 S.Ct. 254, 47 L.Ed. 373, relied upon by the defendant, do not involve liquidation agreements entered into by failing banks, and the knowledge necessarily to be attributed to stockholders thereof, arising from their ratification of such contractual expedients.

It is realized that this decision goes beyond the facts in Stephens Fuel Co. v. Bay Parkway National Bank, 2 Cir., 109 F.2d 186, and Rogers v. Marchant, 4 Cir., 91 F.2d 660, in both of which there was shown an element of actual knowledge on the part of the stockholder who transferred his stock. However, in view of the inferences believed to be legally and necessarily deducible from the testimony, it is thought that judgment for the plaintiff must be directed, and that will be the disposition.