## MARSHALL v. COLGATE–PALMOLIVE–PEET CO.

### No. 9700.

United States Court of Appeals
Third Circuit.

Argued Jan. 6, 1949.

Decided June 2, 1949.

Rehearing Denied June 21, 1949.

216

Newton A. Burgess, New York City (Howard Duane, Wilmington, Del., on the brief), for appellant.

Benjamin B. Schneider, Chicago, Ill. (Hugh M. Morris and Alexander L. Nichols, Wilmington, Del., and Max Dressler, Chicago, Ill., on the brief), for appellee.

Before BIGGS, Chief Judge, and McLAUGHLIN and KALODNER, Circuit Judges.

KALODNER, Circuit Judge.

The ultimate question in this litigation is, who is the owner of the three inventions involved,[1] the employee-inventor or the employer? Since his former employer asserted claims of ownership against these inventions, and since these claims interfered with his business interests, the plaintiff brought this suit pursuant to 28 U.S.C. § 400,[2] to disperse the cloud upon his title; he also joined a claim for damages for alleged harmful conduct on the part of the defendant. The defendant filed a counterclaim praying that plaintiff be required to assign the inventions to it. The case was heard in the court below without a jury and, upon findings of fact and conclusions of law, the learned District Judge determined that title belonged to the defendant; in view of that result, the allegations of harmful conduct were dismissed. D.C., 76 F.Supp. 378.

The issues on this appeal are whether the facts were properly found, and whether the law was properly interpreted and applied in the court below.

▇▇▇▇ A patent is property, title to which passes from the inventor only by assignment, and an agreement to assign will be

---

[1] A "combination bar" of soap and detergent, set forth in application Serial No. 534,182, filed May 5, 1944, as a continuation-in-part of application Serial No. 462,513, filed October 19, 1942; a "milled floating soap," set forth in application Serial No. 591,553, filed May 2, 1945; and "spraying on fluidized particles," set forth in application Serial No. 587,404, filed April 9, 1945.

[2] Sections 2201 and 2202, revised Title 28 U.S.C.A.

specifically enforced. As between employer and employee, rights are determined upon the contract of employment. United States v. Dubilier Condenser Corp., 1933, 289 U.S. 178, 187, 53 S.Ct. 554, 77 L.Ed. 1114, 85 A. L.R. 1488. In this case, the operative facts occurred in the State of New Jersey. Apparently that is where the plaintiff was hired; that is where he worked and where the three inventions in controversy were made. To clear away any conflict of laws question, we note that New Jersey would apply the law as set out in the federal cases. Eustis Manuf'g Co., Inc., v. Eustis, 1893, 51 N.J.Eq. 565, 27 A. 439; see E. F. Drew & Co., Inc., v. Reinhard, 2d Cir., 1948, 170 F. 2d 679.

The law is fairly clear. It is recapitulated in Section 397 of the A. L. I. Restatement of the Law of Agency, and the Comments thereto. Absent a contrary understanding, the mere existence of an employer-employee relationship does not entitle the employer to ownership of an invention of the employee. This is true even though the employee uses the time and facilities of the employer, although the latter in that event may have "shop rights" therein, that is, the right to a free, non-exclusive, personal license to use the invention in his business. Solomons v. United States, 1890, 137 U.S. 342, 11 S.Ct. 88, 34 L.Ed. 667; Gill v. United States, 1896, 160 U.S. 426, 16 S.Ct. 322, 40 L.Ed. 480; United States v. Dubilier Condenser Corp., supra. On the other hand, if the employee is hired to invent,[3] or is assigned the duty of devoting his efforts to a particular problem, the resulting invention belongs to the employer. Standard Parts Co. v. Peck, 1924, 264 U.S. 52, 44 S.Ct. 239, 68 L.Ed. 560, 32 A.L.R. 1033; Houghton v. United States, 4th Cir., 1928, 23 F.2d 386, certiorari denied 277 U.S. 592, 48 S.Ct. 528, 72 L.Ed. 1004; E. F. Drew & Co., Inc., v. Reinhard, supra.

The District Court, in this case, applied the principles which we have reiterated. We think the decision reached followed upon the findings that (1) that was a custom or practice for employees of the defendant to assign inventions to it; (2) plaintiff not only knew of this practice, but acquiesced in it, complied with it in every instance except with respect to the three inventions here involved, enforced it generally in his position as head of a department of the defendant, and even enforced it with respect to subordinates working on one of the inventions in dispute; (3) the problems covered by the inventions were assigned to the plaintiff; (4) the inventions were made during the plaintiff's period of employment, and the plaintiff used defendant's facilities; and (5) the plaintiff, throughout, indicated that the work he was doing was for the benefit of the defendant, and that inventions would be assigned.

The plaintiff does not agree with the findings, but we do not think it would prove gainful to repeat at length the evidence in the case. It is sufficient to say that on important issues, testimony of the plaintiff was contradicted by testimony of officers and employees of defendant. There was also a good deal of documentary evidence, some of it subject to interpretation by the parties and some of it too clear to admit of dispute. The underlying issue, to a large extent, was that of credibility, of which the trier of fact is the best judge. The evidence which the learned District Judge believed supports his conclusion that the problems which involved the inventions in controversy were assigned to the plaintiff, and that the plaintiff considered them to have been assigned to him. The evidence further supports the conclusion that during his employment the plaintiff was primarily concerned with the matter of co-inventors, rather than with title to inventions, and that he assumed inventions, as a matter of course, would be assigned. Thus, in his letter of February 1, 1944, he wrote, "Personally, I am convinced that the only recourse I can follow under the policies of the Patent Division is to arrange to file an application on the idea before I disclose it to my subordinates. I mean, of course, file it through our patent division and assign it to the company."[4]

We conclude that the court be-

---

[3] Cf. Hapgood v. Hewitt, 1886, 119 U. S. 226, 7 S.Ct. 193, 30 L.Ed. 369; Dalzell v. Dueber Watch Case Mfg. Co., 1893,

149 U.S. 315, 13 S.Ct. 886, 37 L.Ed. 749.

[4] Plaintiff's Exhibit No. 6; Finding of Fact No. 40.

218

low did not commit such clear error as would entitle us to upset the decisive factual findings. Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A.; United States v. United States Gypsum Co., 1948, 333 U. S. 364, 394-395, 68 S.Ct. 525, 92 L.Ed. 746. Nor was error committed in the application of the law to those findings. Houghton v. United States, supra.

For the reasons stated, the judgment of the District Court will be affirmed.