## NATIONAL TRANSFORMER CORPORATION v. RANNEY.

### Civ. No. 24549.

United States District Court
N. D. Ohio, E. D.
July 21, 1949.

F. O. Richey, Cleveland, Ohio, Samuel E. Darby, Jr., New York City, for plaintiff.

Bates, Teare & McBean, Cleveland, Ohio, for defendant.

JONES, Chief Judge.

This is an action for a declaratory judgment with respect to certain patent rights.

Defendant has filed an answer and interrogatories. Plaintiff answered all but three of the interrogatories to which three he objected. On December 20, 1948 the Court overruled the objections and plaintiff answered the interrogatories.

Defendant now has filed a motion for summary judgment "on the ground that the pleadings, affidavits and exhibits on file in this action show that there is no justiciable controversy existing between the parties to this action."

From the affidavit of Lovell G. Mickles, president of plaintiff, it appears that National Transformer Corporation of New

Jersey was succeeded by Boucher Inventions, Ltd., of Delaware "in the business of the manufacture and sale of transformers" and that Boucher Inventions, Ltd. changed its name to National Transformer Corporation (of Delaware) the plaintiff herein, in 1945.

Defendant notified National Transformer Corporation of New Jersey of alleged infringement of his patents on September 15, 1944 (Teare Affidavit, p. 1). It is this notification which forms the basis of plaintiff's (National Transformer Corporation of Delaware) action.

Defendant asserts there is no "actual controversy" within the meaning of the Act, 28 U.S.C.A. §§ 2201, 2202, for a number of reasons.

█ In order to sustain a motion for summary judgment, it must be shown that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law.

Considering the affidavit of Mickles, president of plaintiff, there do appear to be genuine issues of fact as to:

1. Whether or not plaintiff has manufactured any of the alleged infringing devices since July, 1947. Mickles states that plaintiff has continued to manufacture them "down to the present time, and intends to continue to do so."

2. Whether or not plaintiff succeeded National Transformer Corporation of New Jersey in the business of manufacturing the alleged infringing devices.

█ The fact that plaintiff is a licensee under patents owned by another would not preclude plaintiff from bringing an action for a declaratory judgment, and there is no reason why there could not be an actual controversy between a party manufacturing an alleged infringing item under a license and the owner of the alleged infringed patent at well as between the licensee

and the patent owner. Defendant cites no authority in support of such position.

As to the matter of the lack of denial of infringement by plaintiff, this fact would be of no consequence if the plaintiff had continued to manufacture the alleged infringing product or had otherwise conducted itself in ways inconsistent with a position of acquiescence to defendant's charges of infringement.

█ Although the bill of sale of certain assets by National Transformer Corporation of New Jersey to Boucher Inventions, Ltd. (predecessor of National Transformer Corporation of Delaware) indicates an assignment neither of a cause of action against defendant herein nor of any right or license to manufacture the alleged infringing devices, the courts have held that direct, formal notice by a patentee to a manufacturer of an alleged infringing device is not essential to support an action for a declaratory judgment by the manufacturer. The Act is remedial in character and the term "actual controversy" should be, and has been, given a liberal interpretation. Treemond Co. v. Schering Corporation, 3 Cir., 122 F.2d 702; Dewey & Almy Chemical Co. v. American Anode, Inc., 3 Cir., 137 F.2d 68; Federal Telephone & Radio Corporation v. Associated Telephone & Telegraph, 3 Cir., 169 F.2d 1012.

█ The pleadings, answers to interrogatories and the affidavits submitted by the parties in connection with the earlier motion to dismiss fail to indicate that there is no genuine issue herein as to any material fact; and the facts, even as asserted by defendant, would not, as it seems to me, entitle defendant to judgment as a matter of law for the reason that an actual controversy appears to exist within the meaning of the Declaratory Judgment Act.

Motion denied.