**DAZIAN'S, Inc. v. SWITZER BROS., Inc., et al.**

**Civ. A. No. 27447.**

United States District Court
N. D. Ohio, E. D.

Dec. 11, 1950.

On Motion to Dismiss Dec. 20, 1950.

Bates, Teare & McBean, Albert R. Teare, Cleveland, Ohio, for plaintiff.

Albert L. Ely, Jr., Cleveland, Ohio, for defendant.

JONES, Chief Judge.

Any hardship resulting to the plaintiff from delay in hearing its motion for preliminary injunction, filed June 8, 1950, in this cause is the same as that shared by numerous litigants in this court. Relief or remedy does not lie with the Judges who now have more accumulated business than any two human beings can consider and dispose of. Consideration of the plaintiff's motion will be taken up when the situation is improved.

The Court, in due time, will endeavor to pass upon the defendants' motion to dismiss.

## On Motion to Dismiss

This is a declaratory judgment action involving questions of infringement and validity of defendant's patents and alleged unfair competition by defendant.

Defendant has filed a motion to dismiss because there is no justiciable controversy between the parties.

Plaintiff is a long established manufacturer of fluorescent fabrics. Defendant, while it has some pending patents on fluorescent fabrics, does have several patents on various articles which can be made from fluorescent fabric, and which possibly cover the fabric itself. It does manufacture fluorescent fabric, but its principal business is the licensing of its various patents on fluorescent articles. Plaintiff, according to the facts, is able to and does sell its fabrics to licensees of defendant, but it also sells its product to users of such fabrics who are not licensed by defendant.

Defendant, however, has attempted to police its patents and has conducted an extensive campaign to prevent infringement. In carrying out this campaign defendant has not prevented licensees from using plaintiff's fabrics, but it has threatened non-licensees, some of whom are customers of plaintiff, with infringement actions. As a consequence many present and potential customers have refused to manufacture articles which may be covered by the patents with serious loss of business resulting to plaintiff.

Plaintiff now asks this court to hold that defendant's patents are invalid and not infringed.

There of course must be a justiciable controversy between the parties before this court can acquire jurisdiction. Defendant contends that at best plaintiff is a contributory infringer and that the series of cases ending with Automatic Radio, Mfg. Co. v. Hazeltine Research, 339 U.S. 827, 70 S.Ct. 894, 94 L.Ed 1312, makes it immune from suit by defendant. Defendant claims that it recognized this fact and has as a consequence never attempted to charge plaintiff with infringement or with conduct which would lead others to infringe. The exhibits already before the court tend to substantiate this claim.

However, it is alleged by plaintiff, and affidavits have been introduced on this point, that defendant, at a meeting between representatives of the parties, charged plaintiff with infringement of its patents and requested plaintiff to stop manufacture and delivery of the infringing cloth. Defendant by affidavits of course denies such statements. These affidavits cannot be used to solve the question of whether such statement was made. They point up, however, the fact that at one time defendant may well have made statements which would create a justiciable controversy. As long as there is a disputed factual issue on this point, the court cannot dismiss the action,

**628**

and final determination of jurisdiction, if it rests solely on this factual issue, and there is doubt as to this, see, Aralac, Inc., v. Hat Corp. of America, 3 Cir., 166 F.2d 286 and Girdler Corp. v. E. I. DuPont de Nemours & Co., D.C., 56 F.Supp. 871, must await further testimony on trial.

Motion to dismiss denied.