# NORTH AMERICAN PHILIPS CO., Inc. v. BROWNSHIELD.

United States District Court
S. D. New York.
Feb. 4, 1953.

Truman H. Luhrman, New York City, by Arthur G. Connolly, Wilmington, Del., for plaintiff.

Harry Price, New York City, for defendant.

BONDY, District Judge.

This action involving the right of the employer and of the employee to the invention of and patent for a loop antenna assembly was brought by the plaintiff, a Delaware corporation, against the defendant, a resident of the Southern District of New York, for a declaratory judgment that the defendant has not any right of any nature in a loop antenna as-sembly for which there was issued to him on August 7, 1945 patent No. 2,381,-334, that in obtaining the patent the defendant violated a relationship of trust and confidence which existed between him and the plaintiff, that the patent is invalid, that the patent is unenforceable against the plaintiff and all those in privity with the plaintiff, for a decree compelling defendant to assign the patent to the plaintiff, and restraining the defendant from charging that the plaintiff or anyone in privity with the plaintiff has or will violate any right of the defendant by manufacturing or selling the loop assembly, or by giving information with respect thereto, for an accounting, attorney's fees and the costs of this action.

In a counterclaim set forth in his amended answer defendant seeks judgment declaring the plaintiff to be guilty of unjust enrichment in using, selling and disposing of property of the defendant and receiving profits which in justice and equity belong to the defendant and declaring that it has damaged his property rights in the patent and subject matter of the patent in disclosing the same to others and declaring the patent to be solely owned by the defendant and awarding $20,000 to him as damages.

In the original answer the defendant sought judgment declaring not only the plaintiff to be guilty of unjust enrichment, but also that the patent is valid, that it is infringed or infringement has been threatened by the plaintiff, that he is the sole inventor of the subject matter of the patent and that plaintiff has no interest in the patent or its subject matter and a judgment awarding $50,000 to the defendant.

The defendant asserts that "this court sitting without a jury has no jurisdiction to decide any issue arising under the complaint."

Upon granting a motion made by plaintiff to strike the action from the jury calendar, Judge Samuel Kaufman, a judge of this court, stated, "The complaint is framed along equitable lines. Plaintiff is seeking injunctive relief, both prohibitory and mandatory in character, as well as an accounting together with declaratory re-

lief as incidental thereto. This, as Judge Clark said in Beaunit Mills, Inc., v. Eday Fabric Sales Corporation, 2 Cir., 124 F.2d 563, 565 'appears to stamp (the suit) as presenting equitable issues only.' On the questions thus raised, plaintiff would not be entitled to a trial by jury and has not sought one." He decided "Plaintiff's motion to strike the cause from the jury calendar is granted, without prejudice to an application by defendant at the appropriate time for a trial by jury of any legal issues arising under the counterclaim, which are not tried by the court as incidental to any equitable issues which may be raised by the counterclaim, and which are not finally determined upon the issues raised by the answer to the complaint." North American Philips Co. v. Brownshield, D.C., 9 F.R.D. 132, 133.

■ This decision is the law applicable to this action and is binding on this court. Potts v. Village of Haverstraw, 2 Cir., 93 F.2d 506, 509; Commercial Union of America v. Anglo South American Bank, 2 Cir., 10 F.2d 937.

, The defendant asserts: "There is no controversy under the patent laws since plaintiff has shop, rights or free. lipense:" He contends that by having conceded that the plaintiff has shop rights in the patent and its subject matter, he has abandoned the claim of infringement against the plaintiff, and that therefore there is not any issue under the patent law of which this . court has jurisdiction.

■ However, where the issue is the validity of the patent or its infringement, the case arises under the patent laws. See Borchard, Declaratory Judgments (1941) p. 808, et seq.

Even though the defendant has withdrawn his claim of infringement the plaintiff has sufficient interest in the determination of the validity and ownership of the patent because by its contracts with the government plaintiff has obligated itself "to grant the government an irrevocable non-exclusive royalty free right and license to make, use and sell and cause to be made, used and sold for any governmental purpose" all inventions made in the performance of the contracts and it might be liable by way of indemnity to the government which has been threatened with suit by the defendant for infringement of the patent. Alfred Hofmann, Inc. v. Knitting Machines Corp., 3 Cir., 123 F. 2d 458, 460, 461. See Western Electric Co. v. Hammond, 1 Cir., 135 F.2d 283–286.

In a letter in evidence, the attorneys for the defendant state that they are informed by the Signal Corps that it looks to plaintiff company to hold it harmless as to any claims for infringement upon their client's patent rights in this development.

The defendant further maintains there is no jurisdiction under the diversity of citizenship since plaintiff failed to show that the patent was worth $3000.

In the counterclaim in the amended answer it is alleged that the plaintiff has unjustly enriched itself over $20,000 by the unconscionable use of the subject matter of the patent and damaged defendant in an amount exceeding $20,000. The plaintiff obtained contracts from the government for the manufacture of the developed and redesigned loop antenna assembly, amounting in the aggregate to more than $100,000. The defendant spent about $2000 in procuring the patent and he presumably considered it valuable enough to justify such expenditure.

■ "The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845.

■ This accordingly precludes the court from finding that the claim as to amount involved was made otherwise than in good faith.

■ The defendant contends that the court can not pass upon the issue of validity, infringement or value of the invention under the counterclaim in the absence of a jury, and that defendant is entitled to try his counterclaim for recovery from plaintiff for unjust enrichment arising out of his invention (not his patent) before a jury.

The ownership of the invention and patent can be determined without passing upon these issues.

The defendant asserts that he "was a $75.00 a week draftsman and his patent did not belong to plaintiff".

The evidence discloses that when he was employed by the plaintiff he represented himself to be an experienced mechanical engineer. He was engaged as such and not as a draftsman, as he contends. He, together with a number of others, was assigned to redesign and to develop and improve the loop antenna assembly, of which a model was supplied by the Signal Corps.

■ The defendant was engaged and paid to make specific improvements to the assembly. He claims that he made the invention at his home at night, that he was directed by plaintiff to make improvements only to the box part of the assembly and not to the loop. However, the reliable evidence, including the testimony of defendant's own witness, discloses that he together with others was ordered to develop the loop to meet specifications and that he did so in the course of his employment at the plaintiff's plant. Under such circumstances, plaintiff is entitled to the invention, if any, and to any patent embodying such invention. U. S. v. Dubilier Condenser Corp., 289 U.S. 178, 53 S.Ct. 554, 77 L.Ed. 1114; Standard Parts Co. v. Peck, 264 U.S. 52, 44 S.Ct. 239, 68 L.Ed.

560; Marshall v. Colgate-Palmolive-Peet Co., 3 Cir., 175 F.2d 215; Drew & Co. v. Reinhard, 2 Cir., 170 F.2d 679; Forberg v. Servel, Inc., 2 Cir., 88 F.Supp. 503.

It accordingly becomes unnecessary to pass upon the validity of the patent or the defendant's right to have a jury trial as to validity, especially since it appears that the loop antenna assembly has been superseded by later devices.

The defendant's testimony that the chief engineer promised to secure for him extra compensation at the time defendant disclosed his design to the engineer is contradicted. In any case it does not appear that any promise was made by an officer of the plaintiff or by anyone authorized to make such promise. He was engaged at a fixed salary without anything extra for overtime.

The plaintiff, therefore, is entitled to judgment declaring that the defendant has no right of any nature in the loop assembly, the invention or the patent which was issued covering the same, and that the patent is unenforceable against plaintiff and all those in privity with plaintiff, and to an injunction restraining defendant and all those in privity with him from charging, directly or indirectly, that plaintiff or anyone in privity with plaintiff has or will violate any right of defendant, whether patented or otherwise, by manufacturing, using or selling the loop assembly or any related device or any component thereof, or by transmitting or disposing of information with respect thereto, and the counterclaim is dismissed.

The foregoing shall constitute findings of fact and conclusions of law unless the parties desire additional findings in which event they may be proposed upon notice.