**E. W. BLISS COMPANY, Plaintiff,**

v.

**The COLD METAL PRODUCTS COMPANY, Defendant.**

**Civ. No. 31849.**

United States District Court
N. D. Ohio, E. D.
Nov. 16, 1955.

issued to defendant, known as the Lockwood patent No. 2,706,422, and whether the use by plaintiff of the method covered by said patent is an act of infringement.

Defendant moves the court to dismiss the action, or for summary judgment, or in the alternative, for a preliminary hearing upon the grounds that " * * * a) this court lacks jurisdiction over the subject-matter because the complaint fails to allege a justiciable controversy between plaintiff and this defendant under the Declaratory Judgment Act, 28 U. S.C.A. §§ 2201, 2202, and b) the complaint fails to state a claim upon which relief can be granted."

Since the grounds upon which each motion is based are identical, the findings hereinafter made by the court will be dispositive of all the motions.

Specifically, defendant's argument is three-fold:

1) That the complaint does not state any acts committed by plaintiff subsequent to the issuance to defendant of the Lockwood patent No. 2,706,422, which could be considered either direct or contributory infringement.

2) That there is no justiciable controversy alleged since the complaint (specifically paragraph 6) says only that " * * * Cold Metal has asserted that the use in this country of 4-high rolling mills *similar* (emphasis added) to that shown in Exhibit B infringes said Lockwood patent and that the manufacture and sale of such mills by Bliss constitutes contributory infringement of said patent." It does not state that Cold Metal has made such assertion to Bliss or to any of its customers or prospective customers, or that use in this country of 4-high rolling mills like plaintiff's infringes the Lockwood patent, which it must in order to state a justiciable controversy.

3) That responsibility for infringement would be Revere's (the user of the alleged infringing mill) and not Bliss'.

That the party suing for declaratory judgment must allege in its

Chas. W. Williams, Cleveland, Ohio, Chas. H. Walker, Robert B. Whittredge, Fish, Richardson & Neave, New York City, for plaintiff.

Howard F. Burns, Cleveland, Ohio, Wm. H. Webb, Pittsburgh, Pa., for defendant.

JONES, Chief Judge.

Plaintiff has brought suit against defendant for a declaratory judgment by this court as to the validity of a patent

complaint acts subsequent to the issuance of the patent which might be suspected of infringement does not seem supported by logic or by the law. If the party bringing suit is apprehensive that continued use, manufacture or sale of a patented device or method might be cause for suit by the patentee, and said apprehension is fostered by the patentee —either directly or indirectly, then it is for that party that the Declaratory Judgments Act was designed as a means of precipitating the issue of liability and thereby minimizing damages if liability is found. If that party no longer desired to use, manufacture or sell the patented device or method he would have little reason to clear the air of possible infringement in a declaratory judgment action. It is, then, sufficient to come within the pale of the Declaratory Judgments Act for the party bringing suit to allege the past, present use, manufacture or sale of the patented device or method and the intention to continue to do so. See—Borchard, Declaratory Judgments, 807 (2d Ed.1941); Newell v. O. A. Newton & Son Co., D.C., 95 F.Supp. 355; Dewey & Almy Chemical Co. v. American Anode, 3 Cir., 137 F.2d 68; Technical Tape Corp. v. Minnesota Mining & Mfg. Co., 2 Cir., 200 F.2d 876.

This court has often defined a justiciable controversy, National Transformer Corp. v. Ranney, D.C.1949, 86 F.Supp. 57; Dazian's Inc., v. Switzer Bros., D.C. 1950, 95 F.Supp. 626; National Transformer Corp. v. France Mfg. Co., D.C. 1952, 124 F.Supp. 503, as has the Court of Appeals for the Sixth Circuit, E. W. Bliss Co. v. Cold Metal Process Co., 102 F.2d 105. There is little reason to now elaborate upon what has already been said. The only question here is whether defendant's uncontroverted statements in its letter to plaintiff on May 5, 1955 (letter attached to affidavit of George Perrault, Jr., filed 9–27–55) are sufficient to establish a justiciable controversy.

■ The key parts of that letter are contained in paragraphs 3 and 4. It will be noted at once that the letter is a cordial one and that nowhere is a suit for patent infringement threatened in so many words. However, in spite of the fact that all of the cases cited and discovered turn upon a stated threat of suit for infringement, I believe that the threat of infringement is implicit in the circumspect language of the letter, and that there is " * * * a substantial controversy, between parties having adverse interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 61 S.Ct. 510, 512, 85 L.Ed. 826. In the letter (supra) it is made clear by defendant that plaintiff's mills in operation in the Revere plants are "similar" to defendant's and the reasonable conclusion to be drawn from this is that said mills might be of an infringing similarity. That question having been raised by defendant (perhaps unintentionally), plaintiff should not be denied the right to a declaratory judgment by a mere play on words. See—Newell v. O. A. Newton & Son Co., supra; Girdler Corp. v. E. I. DuPont, D.C., 56 F.Supp. 871; Treemond Co. v. Schering Corp., 3 Cir., 122 F.2d 702.

■ Finally, that Revere would be responsible for infringement is no obstacle to Bliss bringing this action. Bliss has agreed to indemnify Revere against suit for infringement and is therefore rightfully interested in minimizing damages against Revere as well as minimizing its own liability as a contributory infringer if liability is found to exist. See—Girdler Corp. v. E. I. DuPont, supra, and Alfred Hofmann, Inc., v. Knitting Machines Corp., 3 Cir., 123 F.2d 458.

Accordingly, the defendant's motions will be denied.