Alton B. HOLMES doing business as Alton B. Holmes & Co., Plaintiff,

v.

STRUTHERS SCIENTIFIC AND INTERNATIONAL CORPORATION, a Delaware corporation, Defendant.

No. 16–67 Erie.

United States District Court
W. D. Pennsylvania.

May 25, 1967.

Blenko, Leonard & Buell, Pittsburgh, Pa., for plaintiff.

Webb, Burden, Robinson & Webb, Pittsburgh, Pa., for defendant.

## OPINION

WEBER, District Judge.

The plaintiff has brought a declaratory judgment action requesting, among other things, that certain United States letters of patents Nos. 3,275,724 [known as '724], and 3,171,507 [known as '507] which are owned by the defendant be declared invalid. The plaintiff asks that it be declared that the use of the machines which it sells do not infringe upon defendant's above-named patents. In separate paragraphs, but under the same count, the plaintiff seeks a remedy based on the anti-trust laws, 15 U.S.C.A. §§ 1, 2 and 3, asking for treble damages based on defendant's conduct in acquiring and using the above patents.

The defendant has moved to dismiss the declaratory judgment action asserting that the plaintiff does not have the requisite standing to bring an action litigating patent '724. Apparently the defendant does not contest the plaintiff's

standing to challenge the validity of patent '507.

The patents in question here relate to the manufacture of concrete blocks. Patent '724 covers a "method of autoclaving concrete blocks." Patent '507 related to a "muffler for fired heater autoclave system." In short, patent '507 is a patent covering the construction of certain machinery which is used for autoclaving concrete blocks and patent '724 covers the process of using the machinery in autoclaving concrete blocks.

The plaintiff is in the business of manufacturing and selling. autoclaving equipment. Customers of the plaintiff use this equipment to produce finished concrete blocks. Defendant is a competitor of the plaintiff in manufacturing and selling autoclaving equipment.

The defendant has neither brought suit nor threatened suit against the plaintiff for infringement of patent '724. The defendant has brought suit against two of plaintiff's customers (in the Western District of New York) for infringement of defendant's patents in the use of plaintiff's autoclaving equipment in their manufacturing processes.

The defendant asserts that plaintiff has no standing to litigate the validity of patent '724. Defendant's position in their brief is that " * * * there is no allegation in this complaint that plaintiff is engaged in the manufacture of any other article requiring the performance of any method of autoclaving. Nor does the plaintiff allege that he has any interest in or control over any process carried out by the purchaser of equipment purchased from him." In short, the defendant contends that plaintiff has standing to bring a declaratory judgment action only when it is in a position to be sued for infringement or for contributory infringement of the patent, by the owner.

The plaintiff offers a threefold argument to support its standing to bring this action. (1) Purchasers of plaintiff's equipment have been sued for infringement of patent '724. Those suits are pending trial in the Western District of New York. (2) The present record does not exclude a contention that the plaintiff is a contributory infringer, in which case, standing would be established under 35 U.S.C. § 271(c). (3) The plaintiff gave its customers a warranty of title under Uniform Commercial Code 2–312(3), and for this reason contends that it has an interest in the machines that its customers purchased which are the object of the defendant's infringement actions in the Western District of New York.

■ The requisite standing to bring a declaratory judgment action challenging the validity of a patent is determined by traditional notions of cases and controversies. See Dewey & Almy Chemical Co. v. American Anode, 137 F.2d 68 at 70 (3rd Cir., 1943).

■ In Alfred Hofmann, Inc. v. Knitting Machines Corp., 123 F.2d 458 (3rd Cir., 1941), a declaratory judgment action was brought challenging the validity of five patents controlled by the defendant. The plaintiff in that action sold the machines using the patented parts after the patents came under the defendant's control. The defendant had never threatened the plaintiff with an infringement action but had threatened purchasers of the plaintiff's machines with such suit. The Court held that the plaintiff had the requisite standing to bring the action.

"While it is true that Knitting Machines Corporation cannot maintain a suit for infringement of the last two Miller patents against Alfred Hofmann, Inc., because the plaintiff had not sold a Schubert and Salzer knitting machine after the issuance of the patents, none the less, Knitting Machines Corporation can maintain a suit for infringement of these patents against any purchaser of Schubert and Salzer machines * * * who uses the machines after the issuance of the patents." (p. 460)

On the general question of standing:

"We are of the opinion that the allegation and proof by a vendor that it is

engaged in a course of conduct, the sale of machinery, which has brought and must bring purchasers from it into conflict with the owner of the patent is sufficient to support a suit for declaratory judgment by the vendor." (p. 461).

The factual situation in Aralac, Inc. v. Hat Corporation of America, 166 F.2d 286 (3rd Cir., 1948), is different from either the present case or that in *Alfred Hofmann, Inc.,* supra. In *Aralac* the plaintiff sold a staple commodity which did not necessarily have to be used by purchasers in a process that infringed upon defendant's patent. In the present case it appears that the only uses the plaintiff's machines may be put to practical use is in a manner which infringes upon the defendant's patent '724. Furthermore, neither the plaintiff nor the plaintiff's customers in Aralac were even threatened with litigation charging infringement.

Under the defendant's theory of standing it would be possible for the defendant to avoid pressing an infringement suit directly against the plaintiff but cause it severe economic hardship by other such suits without giving the plaintiff the opportunity to litigate the validity of defendant's patent. Such a narrow interpretation of the case or controversy is not favored.

"Certainly the fact that Anode had never made any direct threat to sue Dewey & Almy is not conclusive of the problem. E. W. Bliss Co. v. Cold Metal Process Co., 6 Cir., 1939, 102 F. 2d 105, an actual controversy was held to exist although it was evident that the patentee was exerting every effort to avoid entanglement in litigation with the particular alleged infringer seeking the declaration. * * * "." Dewey & Almy Chemical Co. v. American Anode, 137 F.2d 68, at p. 70 (3rd Cir., 1943).

The defendant also moves under Fed. R. of Civ.P., Rule 12(f) to strike paragraphs numbered 16 and 17 of plaintiff's complaint. These paragraphs contain the allegation on which the plaintiff bases its anti-trust action. The defendant contends that these allegations are impertinent, immaterial, scandalous, and relate to an equitable defense which are not properly raised in a complaint for Declaratory Judgment litigating the validity of a patent.

The plaintiff's position is that paragraphs numbered 16 and 17 relate solely to an anti-trust cause of action which is separate and apart from the declaratory judgment action litigating the validity of the patent. Under the liberal federal rule of joinder of several causes of action in one complaint the plaintiff contends that the pleading is proper, even though the anti-trust cause of action is not brought under a separate count in the complaint.

While Walker Process Equipment, Inc. v. Food Machinery, etc., 382 U.S. 172, 174, 86 S.Ct. 347, 15 L.Ed.2d 247, did not pass specifically on the merits of an anti-trust cause of action based on fraudulent procurement of a patent, it did hold that such a cause of action may be pleaded if other elements of an anti-trust cause are also pleaded.

■■ The plaintiff should have properly pleaded his anti-trust action under a separate count. However, as the pleading now stands, the defendant is fully aware that the plaintiff is bringing an anti-trust cause of action along with the Declaratory Judgment action on the patent. If the defendant wants a more precise and definite statement of the plaintiff's anti-trust cause of action he may proceed as suggested in 24 Moore's Federal Practice, § 8.17 [3], p. 1752:

"For further information necessary to form an answer or reply, the opposing party may look to the procedures provided for motions for more definite statement under Rule 12(e); discovery under Rules 26–35; summary judgment under Rule 56; and the pretrial conference procedure of Rule 16."

Defendant's motion to dismiss and motion to strike denied.