Campbell, Chief Justice,
delivered the opinion of the court:
A motion by the Wappler Electric Company, a stranger to the suit, seeks to have that company admitted as a party defendant to the action. It alleges that it had a contract with the United States for the manufacture of certain X-ray apparatus for the latter’s use, and that, as part of this contract, there is a stipulation that the contractor would save the United States harmless from liability for the use of patented inventions in the apparatus contemplated by the contract. It is also alleged that the plaintiff’s action is to recover compensation for an alleged infringement of plaintiff’s patents covering some of the features of the apparatus, made by petitioner for the United States. It asks to be allowed to intervene to aid the United States in the defense of the action, as well as “ for the protection of its own interests, in so far as the latter may be affected under the terms of the above-mentioned contract with the United States.”
Plaintiff’s action is against the United States, and is sought to be maintained under the act of June 25,1910, 36 Stat. 851, as amended by the act of July 1, 1918, 40 Stat. 705. Prior to the first of these acts the Court of Claims had no jurisdiction to entertain suits against the United States for infringement of patents. Remedies of patentees for the use of their inventions could be enforced only through contracts, express or implied, with the United States. Crozier v. Krupp, 224 U. S. 290. In either class of cases the powers of the court are *548 dependent upon the statutes. The Court of Claims is one of the courts, inferior to the Supreme Court, which Congress is authorized by the Constitution to create, Klein case, 13 Wall. 123,145; Louisiana case, 123 U. S. 32, 35, and its jurisdiction is limited. United States v. Jones, 131 U. S. 1. It was established to provide a remedy against the United States in specific classes of claims The act of March 3,1881, the Tucker Act, 24 Stat. 505, is entitled “An act to provide for the bringing of suits against the Government of the United States.” As the sovereign can not be sued in its own courts without its consent, the act authorizing suits in the Court of Claims was, in effect, the creation of a forum to whose judgment, subject to appeals provided for, the claims mentioned could be submitted. But the suits provided for are those against the United States. Unless the statute authorizes other defendants to be brought in there is no right to proceed against such others. We may adopt as applicable what is said in Grace v. American Central Ins. Co., 109 U. S. 278, 283: “As the jurisdiction of the Circuit Court is limited, in the sense that it has no other jurisdiction than that conferred by the Constitution and laws of the United States, the presumption is that a cause is without its jurisdiction unless the contrary affirmatively appears.”
Nor is the question affected by the fact that the person seeking to be made a defendant expresses a willingness to abide by the court’s judgment, and consents, as in the petition .under consideration, that any judgment which might other'wise be rendered against the United States in the proceeding may be rendered against such person.- The consent of parties can not give jurisdiction to the courts of the United States in cases where it has not been, conferred by the Constitution and laws. Cutler v. Roe, 7 How. 729, 731.
When we look to the statute in question', 40 Stat. 705, which extends the act of June 25,1910, we find that it provides that the owner’s remedy “ shall be by suit agaipst the United States ” in this court. It does not, in terms, authorize suit "'against any other party as defendant. From judgments of this court appeals are allowed on behalf, of the United States from all judgments adverse to the United States and on behalf of the plaintiff where the amount in controversy ex *549 ceeds $3,000. Section 242, Judicial Code. There is no provision for an appeal by a defendant other than the United States, except in the case of suits against Indian tribes or Indians mentioned in section 182, Judicial Code, whereby special provision is made for appeal by the claimant or the United States, or the tribe of Indians or other party in interest. This legislation followed the ruling by the Supreme Court in Hemphill & Murchison cage, appealed from the Court of Claims. The appeal was dismissed for want of jurisdiction, and upon the ground that the statute did not provide for an appeal. 212 U. S. 552. See Ex parte Atocha, 17 Wall. 439, 445.
In a number of cases against Indian tribes, brought by virtue of special acts, applications to make the United States a party defendant in this court have been denied upon the ground that the act itself did not authorize suit against the United States. Turner case, 248 U. S. 354; 51 C. Cls. 125; Green v. Menominee Tribe, 233 U. S. 558.
If a person may come in and defend upon his own application, no reason is apparent why a plaintiff may not make such person a defendant, along with the United States, in the first instance. But, as we have seen, the statute says who shall be defendant in suits in this court and who may appeal from its judgments. These provisions plainly exclude the idea that the court’s jurisdiction extends to suits against others than the United States, save where, by special act, Congress confers additional powers. All courts must take notice of the limits of their jurisdiction. Reid case, 211 U. S. 529. In this connection reference may be had to the case of Floyd Smith Aerial Equip. Co. v. Irving Air Chute Co., 276 Fed. 834, holding that because of the act of 1918 suits by patentees should be brought against the United States. The court refused in that case to enter a decree making the defendant accountable for manufactures for the United States, though it held the defendant answerable for sales of the articles to individual customers.
The petitioner relies upon Harvey Steel Co. v. United States, 46 C. Cls. 298, and 227 U. S. 165. The action was upon contract and sought compensation for the use of the Harvey process, which the United States had a license to use *550 for a stipulated royalty. The Midvale Steel Company entered into contract with the United States to manufacture hardened armor, and was authorized by the contract to use the Harvey process, it agreeing in case it used such process to pay the stipulated royalty. Certain payments under the contract with the Midvale Company had been withheld by the United States because of the claim by the Harvey Steel Company that its process had been used. Suit was brought under the license agreement by the Harvey Steel Company. The Midvale Company filed a petition praying that it be allowed to intervene, and, broadly speaking, asked in its petition to be permitted to defend. Its motion was allowed, and from the judgment in favor of the Harvey Steel Company an application for appeal by the Midvale Company was allowed. While the facts as to the intervention and appeal are stated in the opinion of the Supreme Court, 227 U. S. 166, we do not understand that the regularity of either of these proceedings was passed upon or considered. When the case was decided in the Court of Claims the judgment entered as shown by the journal March 27, 1911, so far as it relates to the Midvale Company, is: “ It was further ordered that the petition of the Midvale Steel Company be, and it hereby is, dismissed, said company claiming as intervenor.” At a later date, May 1, 1911, when the court entered judgment, fixing the amount of the recovery in favor of the Harvey Steel Company, the entry is: “ The petition of the Midvale Steel Company, intervenor, is dismissed.”
It appears, therefore, that the court treated the Midvale Company’s petition as an intervention seeking a recovery against the United States of an amount claimed to be due under the terms of the contract, and not as making that company a defendant. However this may be, the action in that case is not to be extended to suits under the acts mentioned.
We are clearly of opinion that the Wappler Electric Company should not be permitted to intervene for the purposes stated in its petition, and the motion therefor is accordingly overruled.
Graham, Judge; Hay, Judge; and Downey, Judge, concur.
'Booth, Judge, not sitting.