**ASSAD ABOOD v. BELDOCH–POPPER, Inc., et al.**

District Court, S. D. New York.

May 15, 1942.

George A. Ferris, by Albert Adams, both of New York City, for plaintiff.

Charles Sonnenreich, of New York City, for defendants.

GODDARD, District Judge.

Defendant, Beldoch-Popper, Inc., moves to dismiss the complaint in an action for a declaratory judgment upon two grounds: One—that a patent infringement action brought by the defendant, Beldoch-Popper, Inc., against one Carl Gutman & Co. Inc., a customer of the plaintiff, involving the same patent and raising the same issues, is now pending in this court.

The patent infringement suit brought by Beldoch-Popper, Inc., is against one of the plaintiff's customers; not against the present plaintiff, Assad Abood, and a recovery of a judgment in that suit would not preclude the plaintiff therein from instituting another action for damages against the plaintiff in the case at bar. Birdsall v. Shaliol, 112 U.S. 485, 5 S.Ct. 244, 28 L. Ed. 768.

The suit now pending in this court would not therefore dispose of all the issues between the parties in the case at bar. It is true that the plaintiff in this action might intervene in the other action, but he is not compelled to do so. The existence of other remedies does not preclude judgment for declaratory relief. Rule 57 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Particularly is this so in patent litigation where there is nothing to prevent the holder of the patent from dismissing or delaying his action and in the meanwhile continuing to threaten plaintiff's customers with suits for infringement. Cf. Lances v. Letz, 2 Cir., 115 F.2d 916; Leach v. Ross Heater & Mfg. Co., 2 Cir., 104 F.2d 88; E. W. Bliss Co. v. Cold Metal Process Co., 6 Cir., 102 F.2d 105. Quite reasonably the plaintiff wishes to obtain an early determination of his rights so that any possible damages may be kept at a minimum.

The other ground urged for dismissal is that another action is pending in the United States District Court for the Eastern District of New York involving the same parties, subject matter, and relief. However, this contention need not be considered as it appears that the action in the Eastern District has been dismissed without prejudice.

Motion denied.

Settle order on notice.