PALL CORPORATION, Plaintiff,

v.

FISHER SCIENTIFIC COMPANY,
Micron Separations, Inc.,
Defendants.

Civil Action No. 95–12473–WGY.

United States District Court,
D. Massachusetts.

March 13, 1997.

Paul J. Korniczky, H. Michael Hartmann, Bruce M. Gagla, Richard M. Johnson, Leydig, Voit & Mayer, Ltd., Chicago, IL, Louis J. Scerra, Jr., Gary R. Greenberg, Goldstein & Manello, P.C., George P. Field, Sarrouf, Tarricone & Flemming, Boston, MA, for Pall Corporation.

Don M. Kennedy, Andrea C. Kramer, Goodwin, Procter & Hoar, Boston, MA, Frederick H. Colen, Reed, Smith, Shaw & McClay, Pittsburgh, PA, for Fisher Scientific Company.

Steven M. Bauer, Mark K. Schonfeld, John J. Cotter, Testa, Hurwitz & Thibeault, Boston, MA, for Micron Separations, Inc.

### MEMORANDUM AND ORDER

YOUNG, District Judge.

In November, 1995, the Pall Corporation ("Pall") commenced the present action alleging, *inter alia*, that since at least 1989, Fisher Scientific Company ("Fisher") has infringed U.S. Patent No. 4,340,479 (the "Pall Patent") by purchasing and reselling nylon membrane products manufactured by Micron Separations, Inc. ("MSI").[1] At a motion session on February 27, 1997, the parties represented that six distinct nylon membrane products are at issue in this lawsuit. Two of these products, made from Nylon 46 and Nylon 66, were previously held by this Court to infringe the Pall Patent in a civil action by Pall against MSI. *See Pall Corp. v. Micron Separations, Inc.*, 792 F.Supp. 1298, 1328 (D.Mass.1992), *aff'd in rel. part*, 66 F.3d 1211 (Fed.Cir.1995) (the "1986 action"). In the 1986 action, this Court also upheld the validity of the Pall Patent. *See id.*

At the February 27th motion session, this Court 1) held that Fisher is in privity with MSI with respect to the Nylon 46 and Nylon 66 products litigated in the 1986 action; 2) entered an order barring Fisher from litigating either validity or infringement with respect to the earlier-adjudicated Nylon 46 and Nylon 66 products; 3) took under advisement the question of whether collateral estoppel bars Fisher from litigating the validity of the Pall Patent with respect to the other four allegedly infringing nylon membrane products; and 4) as a matter of case management, entered a protective order preventing Fisher from engaging in discovery as to the issue of validity pending the Court's resolution of this question.

## I. ANALYSIS

### A. *Privity with Respect to Nylon 46 and Nylon 66 Products*

*Res judicata*, also known as claim preclusion, bars a subsequent claim when 1) there was a "final judgment on the merits" in an earlier suit involving 2) the same parties or their privies and 3) the same cause of action. *Kale v. Combined Ins. Co. of America*, 924 F.2d 1161, 1165 (1st Cir.), *cert. denied*, 502 U.S. 816, 112 S.Ct. 69, 116 L.Ed.2d 44 (1991). It is undisputed that Fisher was not a party to the 1986 action. Pall argued that Fisher is in privity with MSI, not because it controlled or was virtually represented in the 1986 action, but rather because of its status as a purchaser of and successor in interest to the property affected by the 1986 judgment. *See Becherer v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 43 F.3d 1054, 1070 (6th Cir.), *cert. denied*, — U.S. —, 116 S.Ct. 296, 133 L.Ed.2d 203 (1995) (quoting *Southwest Airlines Co. v. Texas Int'l Airlines*, 546 F.2d 84, 95 [5th Cir.1977]) ("non-party who has succeeded to a party's interest in property is bound by any prior judgments against the party"); *Golden State Bottling Co. v. National Labor Relations Board*, 414 U.S. 168, 179, 94 S.Ct. 414, 423, 38 L.Ed.2d 388 (1973) ("[p]ersons acquiring

---

1. Fisher is MSI's largest independent distributor of nylon membrane products.

an interest in property that is a subject of litigation are bound by ... a subsequent judgment, despite a lack of knowledge").

■ Another court in this district addressed the privity issue in a factual setting closely analogous to the present case. In *Spectra Corp. Subligraphics S.A. v. Casella,* Civil Action No. 84–293–MA, slip op. at 2–3 (D.Mass. Aug. 7, 1984) (Mazzone, J.) (unpublished opinion), a patent owner sued the customer of a manufacturer for damages resulting from the customer's sales of the manufacturer's toners which had been adjudicated to infringe the patent in a prior suit against the manufacturer. The district court granted the patent owner's motion for partial summary judgment of infringement on the basis of *res judicata. Id.* at 7–8. Judge Mazzone explained that in *Western Elec. Co. v. Hammond,* 135 F.2d 283 (1st Cir.1943), the First Circuit held that a customer is bound by a prior judgment that a manufacturer infringed a patent, "at least when the customer's purchase of the products in question occurred after judgment entered against the manufacture." *Spectra,* slip. op. at 5 (citing *Western Electric,* 135 F.2d at 286) (emphasis in original).[2] A customer may not be bound, however, with respect to products it purchased before the patentee instituted suit against the manufacturer. *Western Electric,* 135 F.2d at 286; *see also Spectra,* slip. op. at 5.

Fisher attempted to distinguish *Western Electric* on the ground that in that case, the manufacturer was an indemnitor of the customer, and asserted that *Spectra* misreads *Western Electric* as supporting the proposition that *any* customer is bound by a decision that a manufacturer had infringed a patent.

In fact, there is nothing in the *Western Electric* decision to suggest that the court's finding of privity was based, even in part, on the indemnity relationship.[3] Thus, this Court concluded that under *Western Electric,* Fisher is a privy of MSI, at least with respect to the infringing products it purchased from MSI after this Court entered its order of final judgment in the 1986 action.

The privity inquiry with respect to the earlier-adjudicated products did not end there, however. Pall's Amended Complaint alleges that Fisher has infringed the Pall patent "[s]ince at least as early as 1989." Amended Complaint ¶ 18. Although Pall commenced its action against MSI in 1986, this Court did not issue its order of final judgment until June 25, 1991. As Judge Mazzone noted in *Spectra,* the *Western Electric* court left open the question of whether a prior judgment against a manufacturer may act as a bar against the customer with respect to products purchased during the pendency of the prior litigation. *Spectra,* slip. op. at 5.

In *Spectra,* the court resolved this issue by adopting a notice standard. "[T]he defendants should be held bound by the [prior] decision with respect to those [products] purchased after they knew or should have known that the [prior] suit was pending." *Id.* at 6. In reaching this conclusion, Judge Mazzone noted that privity is a "flexible concept," *id.* at 3, which must accommodate the conflicting demands of res judicata and the Due Process Clause:

> When property that is the subject matter of a suit is transferred *pendente lite,* the usual rule is that the property is transferred subject to the claims asserted by

**2.** Judge Mazzone also noted that courts outside this circuit are split on the issue. *Spectra,* slip op. at 4–5. *Compare Bechik Prods. Inc. v. Flexible Prods., Inc.,* 225 F.2d 603, 606 (2d Cir.1955) (quoting *General Chem. Co. v. Standard Wholesale Phosphate & Acid Works, Inc.,* 101 F.2d 178, 181 [4th Cir.1939] ) ("The purchaser of a manufactured product should not be barred, of course, from defending a suit brought against him by a patentee for infringement by a finding of infringement against the manufacturer, for the very good reason that he has had no opportunity to be heard with respect to infringement in the suit against the manufacturer."), *with A.W. Schnitger v. Canoga Elec. Corp.,* 462 F.2d 628,

628 (9th Cir.1972) (citing *Ransburg Electro–Coating Corp. v. Williams,* 246 F.Supp. 626 [W.D.Ark. 1965] ) ("The 1966 judgment is res judicata as to [the manufacturer] and those who obtain the infringing product from him.").

**3.** Furthermore, even if an indemnity relationship is required to support a finding of privity (which it is not), the plaintiffs have introduced evidence that Fisher has been indemnified by MSI for the past ten years. Pall Corporation's Reply Memorandum in Support of its Motion for Partial Summary Judgment at 4, Ex. C–F.

the plaintiff in the suit.... This rule rests on important policy grounds: "To hold otherwise would enable the transferor to 'deny his opponent the fruits of the victory ... pendent[e] lite.'".... [However], the doctrine of privity operates on the border that separates the rule of *res judicata* from the principle that no judgment shall run against a person unless he has had an opportunity to have his day in court.... The present defendants' connection with [the manufacturer] is not as close as it would be if [the defendants] had acquired all of the assets of [the manufacturer]. Nevertheless, there is a close connection: the present defendants sell the very same products previously adjudged to infringe the plaintiffs' patents, and bought those products from [the manufacturer] in substantial numbers. The demands of *res judicata* and the Due Process Clause are best reconciled here, in my judgment, by adopting a notice requirement, for once the defendants learned of the [ ] action [against the manufacturer], they *could have intervened* to protect their rights. *Id.* at 6–7 (quoting *Developments in the Law—Res Judicata*, 65 Harv.L.Rev. 818, 860 [1952]; *Behrens v. Skelly*, 173 F.2d 715, 718 n. 3 [3d Cir.1949]) (other citations omitted) (emphasis added).

This Court found Judge's Mazzone's analysis persuasive and adopted the notice standard. As Fisher received actual notice of the 1986 action no later than 1987, when it testified at a deposition pursuant to Pall's subpoena, this Court concluded that Pall was in privity with MSI with respect to the earlier-adjudicated Nylon 46 and Nylon 66 products for the entire time period (*i.e.*, since 1989) relevant to the present action. Accordingly, this Court held that Fisher is barred from relitigating the questions of validity or infringement with respect to these earlier-adjudicated products.[4]

**B. Collateral Estoppel as to the Issue of Validity**

■ Pall now asks this Court to go further and hold that collateral estoppel bars Fisher

from litigating the validity of the Pall Patent with respect to *any* of the six products at issue in the present action. Collateral estoppel, also known as issue preclusion, bars relitigation of an issue in a subsequent lawsuit when 1) the issue is one that was actually litigated in the prior action, 2) the issue was essential to a final judgment in the prior action, and 3) the parties or their privies had a full and fair opportunity to litigate the issue in the first action. *In re Freeman*, 30 F.3d 1459, 1465 (Fed.Cir.1994).

■ As to the first two requirements, this Court holds that the validity of the Pall Patent was actually litigated in the 1986 action and was essential to the judgment in that action. Even assuming that Fisher now seeks to invalidate the patent on different grounds than those asserted by MSI in the 1986 action, the issue remains the same. *See Zip Dee, Inc. v. Dometic Corp.*, 905 F.Supp. 535, 537 (N.D.Ill.1995). "[O]nce an issue is raised and determined, it is the entire issue that is precluded, not just the particular arguments raised in support of it in the first case." *Id.* at 538 (citing *Securities Indus. Ass'n v. Board of Governors*, 900 F.2d 360, 364 [D.C.Cir.1990]; Restatement [Second] of Judgments § 27 cmt. c at 253).

■ Pall, however, has failed to satisfy the third requirement of collateral estoppel. Although this Court held that Fisher is a privy of MSI, it did so *only* with respect to the earlier-adjudicated Nylon 46 and Nylon 66 products. To allow Pall to piggy-back on that finding of privity so as to bar Fisher from litigating the validity of the Pall Patent with respect to any product would, in the view of this Court, unduly infringe upon Fisher's due process rights and destroy the delicate balance reached by Judge Mazzone in *Spectra*. *See Spectra*, slip. op. at 6–7. This is not a situation, as was the case with the earlier-adjudicated products, in which permitting Fisher to litigate validity would effectively enable MSI to deny Pall the fruits of its victory *pendente lite*. *See id.* at 6.

---

4. This Court, however, denied Pall's motion for partial summary judgment of *liability* for infringement with respect to the earlier-adjudicat-

ed Nylon 46 and Nylon 66 products. At trial, Fisher remains free to assert the affirmative defenses of license, laches, and equitable estoppel.

As Pall points out in its Supplemental Memorandum in Support of its Motion for Summary Judgment, this Court has previously held that once a party has contested a patent's validity and lost, it is precluded from retrying that issue, even with respect to "new" products. *Micron Separations, Inc. v. Pall Corp.*, 159 F.R.D. 361 (D.Mass.1995). Fisher, however, was neither a party to nor virtually represented in the 1986 action, and thus, unlike MSI, has never had its day in court on the issue of the validity of the Pall Patent.[5] Offensive use of collateral estoppel "should not be allowed where it would be unfair to the defendant." *A.B. Dick Co. v. Burroughs Corp.*, 713 F.2d 700, 702 (Fed.Cir. 1983), *cert. denied,* 464 U.S. 1042, 104 S.Ct. 707, 79 L.Ed.2d 171 (1984) (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331, 99 S.Ct. 645, 651–52, 58 L.Ed.2d 552 [1979]).

This Court recognizes that its ruling creates the potential for inconsistent judgments against the same party. Even if Fisher ultimately succeeds in establishing the invalidity of the Pall Patent, Fisher will still be subject to liability for infringement as to the earlier-adjudicated Nylon 46 and Nylon 66 products. Such inconsistency, however, is an inherent risk of the flexible notion of privity espoused in *Western Electric* and *Spectra. See Western Elec.*, 135 F.2d at 286 (holding that a customer may be bound by a prior judgment of infringement with respect to products purchased after judgment entered against the manufacturer, but may not be bound with respect to products it purchased before the patentee instituted suit against the manufacturer); *Spectra*, slip op. at 5–6. Nevertheless, it is a price this Court is willing to pay to accommodate the conflicting demands of collateral estoppel and the Due Process Clause.

## II.  CONCLUSION

Fisher is in privity with MSI only with respect to the earlier-adjudicated Nylon 46 and Nylon 66 products, and thus is not barred from litigating the validity of the Pall Patent with respect to the other four prod-

ucts at issue in the present action. Accordingly, the protective order entered by this Court on February 27, 1997 is hereby *VACATED,* and the parties shall have ten days from the data of this order to propose jointly a further case management schedule to deal with the issue of potential patent invalidity as to the four new products.

SO ORDERED.

---

5.  Thus, *Alliance Research Corp. v. Telular Corp.*, 37 U.S.P.Q.2d 1729, 1995 WL 836155 (C.D.Cal. 1995) is also inapposite. In that case, the court held that the plaintiff was in privity wish the counter-defendants from a prior action because the plaintiff was virtually represented in and actually controlled the prior action. *Id.* at 1731.